IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER JASON PURKHISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-183 |
| | ) | |
| ANNA RUTH PURKHISER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP").   Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.     **SCREENING THE COMPLAINT**

A.     **BACKGROUND**

Plaintiff names his wife, Anna Ruth Purkhiser, as the sole Defendant.  (Doc. no. 1, pp. 1, 2.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges his wife, a soldier at Fort Gordon Military Installation in Augusta, Georgia, falsely accused him of sexual assault.  (See generally id. at 8-10.)  Ms. Purkhiser committed perjury by making a false statement to her commanding officer and the military police when she reported Plaintiff beat, strangled, slammed her to the floor, and sexually

assaulted her.  (Id. at 8.)  Ms. Purkhiser obtained a restraining order against Plaintiff but stayed in contact with Plaintiff while the restraining order was in place and thanked him for helping her take off her dress during the alleged assault.  (Id. at 9.)  Ms. Purkhiser told others Plaintiff was "doing the art of ju-do" and did not intentionally hurt her.  (Id.)  Furthermore, Ms. Purkhiser told Plaintiff's lawyer representing him on federal criminal charges that ninety-five percent of the bruises on her body were from her army training.  (Id.)

Although Plaintiff does not identify the federal criminal proceedings, court records show he was indicted on September 10, 2018, on two counts of assault within the maritime and territorial jurisdiction based on the allegations made by his wife.[1]  United States v. Purkhiser, CR 118-060, doc. no. 5 (S.D. Ga. Sept. 10, 2018).  Plaintiff was detained until the charges were resolved when Plaintiff pled guilty to an information charging him with one violation of 18 U.S.C. § 113(a)(4).  United States v. Purkhiser, CR 119-134 (S.D. Ga. Oct. 3, 2019).  In pleading guilty, Plaintiff agreed to the accuracy of the following facts:  "On or about August 11, 2018, in the Southern District of Georgia, at a place within the special maritime and territorial jurisdiction of the United States, namely Fort Gordon Military Installation, [Plaintiff] did assault A.P., by wounding A.P.  Id., doc. no. 7, pp. 1-2.  Plaintiff was sentenced to time served and placed on one year of probation, and the felony charges from CR 118-060 were dismissed.  Id., doc. no. 9.  Plaintiff maintains Ms. Purkhiser's lies about the sexual assault could "have cost [him his] daughter and [his] freedom 50 yr of [his] life."  (Doc. no. 1, p. 5.)

Plaintiff alleges three "counts" against his wife:  (1) perjury, in violation of O.C.G.A. § 38-2-1131; (2) signing a false official document, making a false official statement, in violation

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

of O.C.G.A. § 38-2-539; and (3) false acknowledgment of appearance or oath by officer, in violation of O.C.G.A. § 16-10-7.   (Id. at 8.)

Ms. Purkhiser made up the assault allegations because she was mad at Plaintiff, and she continues to "act[] like she is afraid!"   (Id.)   Because Plaintiff and Ms. Purkhiser are "husband & wife, and dad & mama," Plaintiff "as a husband do [sic] not allow this kind of behavior."   (Id. at 5.)  For this, Plaintiff seeks damages in the amount of $1700 per month for the fourteen months he was incarcerated and could not perform home improvement work, as well as $2500 per month for the six months he was unable to perform "wild land firefighting." (Id. at 5.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject

4

matter jurisdiction, regardless of the stage of the proceedings.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Here, the complaint is devoid of any federal claim or cause of action and amounts to an improper attempt to force a criminal prosecution against the person Plaintiff pleaded guilty to assaulting.

Plaintiff indicates in the complaint the basis of federal jurisdiction is diversity of citizenship.  (Doc. no. 1, p. 4.)  However, he lists his residence and that of Ms. Purkhiser as Augusta, Georgia.  (Id.)  Moreover, even if the Court were to assume *arguendo* Plaintiff and Ms. Purkhiser live in different states, the sum total of damages sought by Plaintiff is $38,800, (id. at 5), well below the $75,000 threshold for diversity jurisdiction.

Moreover, even though Plaintiff seeks monetary damages from Ms. Purkhiser, the only statutes cited by Plaintiff in support of his three "counts" raised against Ms. Purkhiser are state criminal statutes.  In any event, as a private citizen, Plaintiff may not force prosecutors to bring  criminal charges against his wife.  See Leeke v. Timmerman, 454 U.S.

83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); see also Dixon v. Green Tree Servicing, LLC, Case No. 19-80022-CIV-MARRA/ MATTHEWMAN, 2019 WL 2866495, at *7 (S.D. Fla. July 3, 2019) (recognizing claim by private citizens for violation of Uniform Code of Military Justice not actionable); O'Neal v. United States, Case No. 5:19-cv-00090-LCB, 2019 WL 330140, at *1 (N.D. Ala. Jan. 25, 2019) ("federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions"); Wise v. Heddell, Civ. Act. No. 5:09-cv-127 (CAR), 2010 WL 2688730, at *5 (M.D. Ga. July 1, 2010) (explaining constitutional separation of powers does not allow for court interference with discretionary powers of executive branch control over criminal prosecutions).

Because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, his complaint must be dismissed.

II.      **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of November, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA